Richard T. Drury (CBN 163559)
richard@lozeaudrury.com
Rebecca Davis (CBN 271662)
rebecca@lozeaudrury.com
LOZEAU DRURY LLP
410 12th Street, Suite 250
Oakland, CA 94607
Telephone: (510) 836-4200
Facsimile: (510) 836-4205

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff* TIMOTHY MICHAEL HUCKABEE, D.D.S., P.A.,
and the Class

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| TIMOTHY MICHAEL HUCKABEE, D.D.S., P.A., a Texas professional association, individually and on behalf of all others similarly situated, | Case No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| ATOMO DENTAL, INC., a California corporation, | |
| Defendant. | |

## CLASS ACTION COMPLAINT

Plaintiff, Timothy Michael Huckabee, D.D.S., P.A. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges

the following upon information and belief against Defendant, Atomo Dental, Inc. ("Atomo Dental" or "Defendant"):

## **PRELIMINARY STATEMENT**

1.      This case challenges Defendant's practice of sending unsolicited fax advertisements.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express consent, invitation, and permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendant has sent a facsimile transmission of an unsolicited advertisement to Plaintiff and the Class in violation of the JFPA, on April 1, 2016. *See* "Atomo Fax," a true and correct copy of which is attached hereto as Exhibit A. The Fax promotes the services and goods of Defendant, namely its dental supplies. Plaintiff is informed and believes, and upon such information and belief avers, that Defendant has sent, and continues to send, unsolicited advertisements via facsimile transmission in violation of the JFPA.

3.      Unsolicited faxes cause damage to their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's time that would have been spent on something else. A junk fax also invades the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the JFPA.

5.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative fact because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same

legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendant, its employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq*. because the classes each consist of over 100 people, at least one member of each class is from a State other than California (the state of Defendant), and the amount in controversy exceeds $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

7.      The Court has personal jurisdiction over Defendant in this District because Defendant is registered to do business in the State of California, regularly conducts business in the State of California and in this district, and is headquartered in this District.

8.      Venue is proper in this District because Defendant is located in this district and a significant portion of the events took place within this District.

## PARTIES

9.      Plaintiff, Timothy Michael Huckabee, D.D.S., P.A., is a Texas professional association with its principal place of business located in Southlake, Texas.

10.      Defendant, Atomo Dental, Inc. ("Atomo Dental"), is a California corporation with its principal place of business in Pleasanton, California.

## FACTS

11.     On or about April 1, 2016, Defendant transmitted by telephone facsimile machine an unsolicited fax to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.     Atomo Dental profited by and received the benefits of marketing its products and is a responsible party under the JFPA.

13.     Defendant created or made Exhibit A, which Defendant knew or should have known advertises Defendant's goods or products (namely, its dental products) that Defendant intended to and did in fact distribute to Plaintiff and the other members of the class.

14.     Exhibits A is part of Defendant's work or operations to market Defendant's goods or services which are performed by Defendant and/or on behalf of Defendant. Therefore, Exhibit A constitutes material furnished in connection with Defendant's work or operations.

15.     Plaintiff had not invited or given permission to Defendant to send the Fax and had no prior relationship with Defendant.

16.     On information and belief, Defendant faxed the same unsolicited facsimile to Plaintiff and more than 40 other recipients without first receiving the recipients' express permission or invitation.

17.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

18.     Defendant's facsimile did not display a proper opt-out notice as required by 47 C.F.R. 64.1200 because it did not apprise recipients of their legal right to opt out.

## **CLASS ACTION ALLEGATIONS**

19.     In accordance with F. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent, by Defendant or on Defendant's behalf a telephone facsimile message substantially similar to Exhibit A, (3) from whom Defendant claims it obtained prior express permission or invitation to send those faxes in the same manner as Defendant claims it obtained prior express consent to fax the Plaintiff.

Excluded from the Class are the Defendant, its employees, agents and members of the Judiciary. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

20.     <u>Class Size (F. R. Civ. P. 23(a)(1))</u>: Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is in the thousands.

21.     <u>Commonality (F. R. Civ. P. 23 (a) (2))</u>: Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a)     Whether the Defendant sent an unsolicited fax advertisement;

(b)     Whether the Defendant's fax advertised the commercial availability of property, goods, or services;

(c)     Whether the manner and method the Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements procured prior express consent from the recipients to send the faxes;

(d)     Whether the Defendant faxed advertisements without first obtaining the recipient's prior permission or invitation;

(e)     Whether the Defendant sent the faxed advertisements knowingly;

(f)     Whether the Defendant violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(g)     Whether the Faxes contained an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(h)     Whether the Defendant should be enjoined from faxing advertisements in the future;

(i)      Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

(j)      Whether the Court should award treble damages.

22.      <u>Typicality (F. R. Civ. P. 23 (a) (3))</u>: The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the Fax sent by or on behalf of the Defendant advertising goods and services of the Defendant during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendant has acted the same or in a similar manner with respect to the Plaintiff and all the class members.

23.      <u>Fair and Adequate Representation (F. R. Civ. P. 23 (a) (4))</u>: The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts and has retained experienced class counsel to represent the class.

24.      <u>Common Conduct (F. R. Civ. P. 23 (b) (2))</u>: Class certification is appropriate because the Defendant has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

25.      <u>Predominance, Superiority, and Manageability (F. R. Civ. P. 23 (b) (3))</u>: Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)      Proof of the Plaintiff's claims will also prove the claims of the class without the need for separate or individualized proceedings;

(b)      Evidence regarding defenses or any exceptions to liability that the Defendant may assert and prove will come from the Defendant's records and will not require individualized or separate inquiries or proceedings;

1       (c)    The Defendant has acted and is continuing to act pursuant to common

2   policies or practices in the same or similar manner with respect to all class members;

3       (d)    The amount likely to be recovered by individual class members does not

4   support individual litigation. A class action will permit a large number of relatively small

5   claims involving virtually identical facts and legal issues to be resolved efficiently in one

6   (1) proceeding based upon common proofs; and

7       (e)    This case is manageable as a class action in that:

8           i.    The Defendant identified persons or entities to receive the fax

9   transmission and it is believed that the Defendant's computer and business records

10  will enable the Plaintiff to readily identify class members and establish liability and

11  damages;

12          ii.    Liability and damages can be established for the Plaintiff and the

13  class with the same common proofs;

14          iii.    Statutory damages are provided for in the statute and are the same for

15  all class members and can be calculated in the same or a similar manner;

16          iv.    A class action will result in an orderly and expeditious administration

17  of claims and it will foster economics of time, effort and expense;

18          v.    A class action will contribute to uniformity of decisions concerning

19  the Defendant's practices; and

20          vi.    As a practical matter, the claims of the class are likely to go

21  unaddressed absent class certification.

22

23

24

25

26

27

28

## COUNT I

### Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227, *et seq.*

26.     Plaintiff and the Plaintiff Class reassert and incorporate herein by reference the averments set for in paragraphs 1-25 above.

27.     The JFPA makes unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. § 227(b)(1)(C).

28.     The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

29.     The faxes sent by Defendant advertised Defendant's dental supplies, were commercial in nature, and are advertisements under the TCPA.

30.     Plaintiff and the other class members never gave prior express consent to receive the faxes.

31.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in §(b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

      1.     a statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

      2.     a statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients

to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

3.      a statement advising the recipient that he or she may opt-out with respect to all of his or its facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or its fax machines;

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of fax machines giving them the right, and means, to stop unwanted faxed advertisements. As a result of such requirements, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisements gave "prior express permission or invitation" to receive the Faxes nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

32.     **The Fax.** Defendant sent the April 1, 2016 fax via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone facsimile machines of Plaintiff and members of the Plaintiff Class. The Fax constituted an advertisement under the Act. Defendant failed to comply with the Opt-Out Requirements in connection with the Fax because the faxes fail to apprise recipients of their legal right to opt out and instead merely advise recipients

1   that they have the ability to opt out. The Fax was transmitted to persons or entities without their

2   prior express permission or invitation and/or Defendant is precluded from asserting any prior

3   express permission or invitation because of the failure to comply with the Opt-Out Notice

4   Requirements. By virtue thereof, Defendant violated the JFPA and the regulations promulgated

5   thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.

6        33.    **Defendant's Other Violations.** Plaintiff is informed and believes, and upon such

7   information and belief avers, that during the period preceding four years of the filing of this

8   Complaint and repeatedly thereafter, Defendant has sent via facsimile transmission from telephone

9   facsimile machines, computers, or other devices to telephone facsimile machines of members of

10   the Plaintiff Class faxes that constitute advertisements under the JFPA that were transmitted to

11   persons or entities without their prior express permission or invitation (and/or that Defendant is

12   precluded from asserting any prior express permission or invitation because of the failure to comply

13   with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof,

14   Defendant violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and

15   believes, and upon such information and belief avers, that Defendant is continuing to send

16   unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations

17   promulgated thereunder, and absent intervention by this Court, will do so in the future.

18        34.    The TCPA/JFPA provides a private right of action to bring this action on behalf of

19   Plaintiff and the Plaintiff Class to redress Defendant's violations of the Act, and provides for

20   statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate.

21   *Id.*

22        35.    The JFPA is a strict liability statute. The Defendant is liable to the Plaintiff and the

23   other class members even if its actions were only negligent.

24        36.    The Defendant knew or should have known that (a) the Plaintiff and the other class

25   members had not given express invitation or permission for the Defendant or anybody else to fax

26

27

28

1  advertisements about the Defendant's goods or services; (b) the faxes constituted an advertisement;

2  and (c) the Faxes did not apprise recipients of their legal right to opt out.

3      37.   The Defendant's actions caused damages to the Plaintiff and the other class

4  members. Receiving the Defendant's junk faxes caused the recipients to lose paper and toner

5  consumed in the printing of the Defendant's faxes. Moreover, the Defendant's faxes used the

6  Plaintiff's fax machine. The Defendant's faxes cost the Plaintiff time, as the Plaintiff and its

7  employees wasted their time receiving, reviewing and routing the Defendant's unauthorized faxes.

8  That time otherwise would have been spent on the Plaintiff's business activities. The Defendant's

9  faxes unlawfully invaded the Plaintiff's and other class members' privacy interests in being left

10  alone. Finally, the injury and property damage sustained by Plaintiff and the other class members

11  from the sending of Defendant's advertisements occurred outside of Defendant's premises.

12      WHEREFORE, Plaintiff, Timothy Michael Huckabee, D.D.S., P.A., individually and on

13  behalf of all others similarly situated, demands judgment in its favor and against Defendant Atomo

14  Dental, as follows:

15      A.   That the Court adjudge and decree that the present case may be properly maintained

16  as a class action, appoint the Plaintiff as the representative of the class and appoint the Plaintiff's

17  counsel as counsel for the class;

18      B.   That the Court award actual monetary loss from such violations or the sum of five

19  hundred dollars ($500.00) for each violation, whichever is greater;

20      C.   That the Court award actual monetary loss from such violations or the sum of one

21  thousand five hundred dollars ($1,500.00) for each willful violation, whichever is greater;

22      D.   That the Court enjoin the Defendant from additional violations; and

23      E.   That the Court award pre-judgment interest, costs and such further relief as the Court

24  may deem just and proper.

1     TIMOTHY MICHAEL HUCKABEE, D.D.S., P.A.,
      individually and on behalf of all others similarly situated,

2   Dated: June 20, 2016

3                         By: __/s/ Rebecca Davis_____
                          One of Plaintiff's Attorneys
4

5                         Richard T. Drury (CBN 163559)
                          richard@lozeaudrury.com
6                         Rebecca Davis (CBN 271662)
                          rebecca@lozeaudrury.com
7                         LOZEAU DRURY LLP
                          410 12th Street, Suite 250
8                         Oakland, CA 94607
                          Telephone: (510) 836-4200
9                         Facsimile: (510) 836-4205

10                        Steven L. Woodrow*
                          swoodrow@woodrowpeluso.com
11                        Patrick H. Peluso*
                          ppeluso@woodrowpeluso.com
12                        Woodrow & Peluso, LLC
                          3900 E Mexico Avenue, Suite 300
13                        Denver, Colorado 80210
                          Tel: (720) 212-0675
14                        Fax: (303) 927-0809

15

16                        Stefan Coleman*
                          law@stefancoleman.com
17                        LAW OFFICES OF STEFAN COLEMAN, P.A.
                          201 South Biscayne Boulevard, 28th Floor
18                        Miami, Florida 33131
                          Tel: 877.333.9427
19                        Fax: 888.498.8946

20                        *pro hac vice application to be filed

21

22

23

24

25

26

27
                          CLASS ACTION COMPLAINT
28                                   -12-